IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM MICHAEL BURGESS,                )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )    1:12CV810
                                        )
J. MICHAEL WATSON,                      )
THE UNITED STATES OF AMERICA,           )
                                        )
            Defendants.                 )

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This Federal Tort Claims Act action comes before the Court on Motions to Dismiss filed by Defendant United States of America ("the Government").[1] The Government's first Motion [Doc. #15] is to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Its second Motion [Doc. #17] is to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). For the reasons set out below, the Court recommends that the Government's Motion to Dismiss for lack of jurisdiction be granted, and that this action be dismissed.

I.     FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff William Michael Burgess brings this action pursuant to the Federal Tort Claims Act (28 U.S.C. § 1346(b)) against ATF Special Agent J. Michael Watson and the United States

---

[1] The Government has filed a Certification [Doc. #11] that ATF Special Agent J. Michael Watson was acting within the scope of his employment as an employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives at the time of the incident alleged in the Complaint. Therefore, the only Defendant in this action is now the United States of America. See Maron v. United States, 126 F.3d 317, 321 (4th Cir. 1997) ("Once this certification has been made, the United States is substituted as the sole defendant."). The Clerk will be instructed to terminate J. Michael Watson as a Defendant in this action.

Government.  Plaintiff alleges that Special Agent Watson instigated the issuance of a federal arrest warrant against him in this Court for conspiracy to distribute marijuana.  United States v. Burgess, No. 1:10CR196 (M.D.N.C.).[2]  The grand jury indicted Plaintiff, his father (William Ray Burgess), his grandfather (William Randy Burgess), and a fourth person, Michael Dwight Hicks, on May 24, 2010.  Count One of the indictment charged all defendants with conspiracy to distribute less than 50 kilograms of marijuana.  Count Two charged William Randy Burgess and Michael Dwight Hicks with distributing 6.2 kilograms of marijuana.  Count Three charged William Randy Burgess, a felon, with possession of two firearms in violation of federal law.  On September 9, 2010, the Government filed motions to dismiss the indictment against Plaintiff and his father, William Ray Burgess.  The Court granted those motions.  Michael Dwight Hicks went to trial and was found not guilty on Counts 1 and 2.  Plaintiff's grandfather, William Randy Burgess, pled guilty to Counts 2 and 3 of the Indictment.  He was sentenced to six months imprisonment and three years of supervised release.

Plaintiff alleges that the investigation that led to the above charges began as an investigation by the Randolph County Sheriff's Department.  That department arranged a "sting" operation which resulted in state charges against Plaintiff's grandfather, Randy, for trafficking in marijuana and conspiring to traffic in marijuana on October 30, 2009.  On that same day, deputies searched the residence of Plaintiff's parents, Ray and Paula Burgess, purportedly on information that Randy and Ray Burgess were growing and selling marijuana.

---

[2] The Court takes judicial notice of the public filings in Plaintiff's criminal case.  See Fed. R. Evid. 201.

During the search, officers found marijuana in a safe owned by Ray Burgess, and three bags of marijuana in another room of the house. Ray Burgess was arrested on state charges for possession with intent to sell and deliver marijuana, felony possession of marijuana, and maintaining a dwelling place for controlled substance sales. Paula Burgess was charged in state court with possession with intent to sell and distribute marijuana, felony possession of marijuana, maintaining a dwelling place for controlled substances sales, and selling/delivering a handgun to a minor. On November 4, 2009, Lt. Joyce of the Randolph County Sheriff's Department procured the issuance of a state arrest warrant against Plaintiff for the misdemeanors of simple possession of marijuana and possession with intent to use drug paraphernalia (digital scales). The evidence upon which Lt. Joyce relied to obtain these warrants against Plaintiff was that a set of digital scales and purported marijuana residue were found in the closet of a bedroom of Plaintiff's parents' residence which Plaintiff, as well as others, had used at various times. According to Plaintiff, there was no evidence that he conspired to distribute marijuana. Plaintiff was not present at his parents' home when the officers searched it.

Plaintiff further alleges that when he was arrested on November 4 on the state charges, he was released on an unsecured promise to appear. Following this arrest, Agent Watson spoke to Lt. Joyce concerning the sheriff's department investigation and Agent Watson's stated intent to bring federal charges against Randy Burgess, Ray Burgess, and Plaintiff. Plaintiff alleges that Lt. Joyce "specifically told Agent Watson that Lt. Joyce did not feel the evidence was sufficient to support any charges for conspiracy to distribute marijuana and asked Agent Watson not to

3

proceed with any charges against Plaintiff for conspiracy to distribute marijuana." (Compl. [Doc. #1] ¶ 21.)

Plaintiff was indicted on the federal charges on May 25, 2010, and a federal arrest warrant was issued pursuant to the indictment. Plaintiff alleges that Agent Watson arrested him on May 28, 2010. He was incarcerated in the Randolph County Jail from Friday, May 28 until June 1, 2010, when he had his initial appearance in federal court. He was then transferred to the Forsyth County Jail, where he was held until the afternoon of Friday, June 4, 2010, at which time he was released after signing a $10,000 unsecured compliance bond. About three months later, the Government moved to have all charges against him dismissed because, according to its motion, "[t]here is currently insufficient evidence to proceed with the case." (No. 1:10CR196-3 [Doc. #63].) Pursuant to the Government's Motion, the Court dismissed all charges against Plaintiff on September 9, 2010.

Plaintiff raises four claims for relief in his Complaint: (1) negligence; (2) malicious prosecution; (3) false arrest; and (4) abuse of process. Plaintiff alleges that he timely submitted his administrative claim to the ATF, and that the agency failed to make a final disposition of his claim within six months after it was filed. Plaintiff now seeks to recover $575,000.

The Government argues in its Rule 12(b)(1) motion to dismiss that this Court lacks jurisdiction over Plaintiff's claims because the discretionary function exception to the Federal Tort Claims Act bars them. Plaintiff argues that the exception does not apply to his claims, and that even if his claim for negligence is barred, his other claims are specifically allowed under what is known as the "law enforcement exception" to the Act.

II.  DISCUSSION

  1.  Federal Tort Claims Act Discretionary Function Exception

In raising its contentions related to the FTCA, Defendant challenges the Court's subject matter jurisdiction over Plaintiff's claims. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. . . . In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees." FDIC v. Meyer, 510 U.S. 471, 475 (1994) (internal citations and quotations omitted); 28 U.S.C. § 1346(b). The Federal Tort Claims Act ("FTCA") specifically allows lawsuits against the United States for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). However, "[t]he scope of this waiver is limited by a series of specific exceptions outlined in the Act, each of which is considered jurisdictional." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). The discretionary function exception to the Act provides that no liability shall lie for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Where this exception applies, sovereign immunity has not been waived and the courts lack federal subject matter jurisdiction. Holbrook v. United States, 673 F.3d 341, 345 (4th Cir. 2012).

In determining whether an employee's actions fall within the discretionary function exception, courts should determine whether the challenged actions involved the exercise of discretion in furtherance of public policy goals. See United States v. Gaubert, 499 U.S. 315, 334 (1991). A discretionary act is one that involves "an element of judgment or choice." Berkovitz v. United States, 486 U.S. 531, 536 (1988). Thus, the exception does not apply when a federal statute, regulation, or policy "specifically prescribes a course of action for an employee to follow." Id. With regard to the element of furthering public policy goals, "if a government employee has discretion under the first Gaubert prong, it 'must be presumed' that his acts 'are grounded in policy when exercising that discretion[.]'" Bernaldes v. United States, 81 F.3d 428, 429 (4th Cir. 1996) (quoting Gaubert, 499 U.S. at 324).

In Medina v. United States, 259 F.3d 220 (4th Cir. 2001), the court found that the plaintiff's FTCA claims of assault and battery, false arrest, malicious prosecution, and infliction of emotional distress against INS agents who arrested him and attempted to have him deported were barred by the discretionary function exception. In finding that the "decision to arrest Medina was clearly clothed in public policy considerations," the court cited Sloan v. United States Dep't of Housing and Urban Dev., 236 F.3d 756, 760 (D.C. Cir. 2001), for the proposition that "[t]he decision to initiate a prosecution has long been regarded as a classic discretionary function." Medina, 259 F.3d at 229. Courts have overwhelmingly found that claims of negligent investigation or negligent arrest by law enforcement officers are barred by the discretionary function exception. See, e.g., Suter v. United States, 441 F.3d 306 (4th Cir. 2006) (claim of victims of fraudulent investment scheme that undercover federal agent improperly participated in the scheme as an investigatory method was barred by discretionary

6

function exception); McCloskey v. Mueller, 385 F. Supp. 2d 74 (D. Mass. 2005) (claim of estate of murder victim that FBI failed to follow up on call by self-proclaimed bank robber offering to surrender, and caller killed victim the next day, barred by discretionary function exception); Littell v. United States, 191 F. Supp. 2d 1338 (M.D. Fla. 2002) (claim of malicious prosecution by instituting, maintaining, and continuing prosecution of defendant who was later acquitted was barred by discretionary function exception; court notes that the "'overwhelming consensus of federal case law establishes that criminal law enforcement decisions–investigative and prosecutorial alike–are discretionary in nature and, therefore, by Congressional mandate, immune from judicial review.'" (quoting Mesa v. United States, 837 F. Supp. 1210, 1213 (S.D. Fla. 1993))); Flax v. United States, 847 F. Supp. 1183 (D.N.J. 1994) (claim of negligent surveillance of kidnap victim by FBI agents barred by discretionary function exception); Timmerman v. United States, Civ. No. 11-1816, 2012 WL 2052149 at *3 (D.P.R. June 5, 2012) (claim of negligent investigation by ICE agents which caused criminal charges to be filed against plaintiff barred by discretionary function exception; noting that "the First Circuit has clearly established that decisions to investigate or prosecute an individual fall squarely within the discretionary function exception.").

It is only in cases involving egregious misconduct by federal agents that the bar has not been applied. By way of example, in Litif v. United States, 682 F. Supp. 2d 60 (D. Mass. 2010), the court held that families of murder victims could recover under the FTCA for actions of FBI agents protecting organized crime informants who committed killings. The FBI agents' actions included obstruction of justice by leaking a wiretap, racketeering by leaking information about informants providing information, and violation of agency guidelines. Id. at 81. The court

found that the agents had no discretion to commit such acts, and, thus, the discretionary function exception did not apply. Similarly, in Limone v. United States, 271 F. Supp. 2d 345 (D. Mass. 2003), the court found that the FBI agents' actions of suborning perjury and fabricating evidence to sustain unjust convictions and cover up criminal activity was not "discretionary" within the meaning of the Act, and, thus, the bar did not apply.

In this case, Plaintiff alleges negligence on the part of Agent Watson in instituting and maintaining the conspiracy charge against him, and also alleges malicious prosecution, false arrest, and abuse of process. However, there is no allegation of egregious misconduct or facts that would take this case outside the discretionary function exception.[3] Plaintiff relies upon Coulthurst v. United States, 214 F.3d 106 (2d Cir. 2000). (Pl.'s Resp. in Opp. [Doc. #25] at 7-8.) In that case, the court found that the claim of a federal prisoner who was injured while lifting weights when a cable snapped was not barred by the discretionary function exception, because the complaint's allegations could be read to allege negligence in the failure of an inspector to perform a diligent inspection out of laziness or in being carelessly inattentive. Plaintiff argues based upon this case that not every action taken by a federal employee that involves a judgment call also involves the discretion protected by the discretionary function exemption. While that may be the case, the facts of the Coulthurst case of an alleged failure to inspect a cable differ

---

[3] Plaintiff alleges that when he was arrested, he asked Agent Watson what justified turning the misdemeanor possession and drug paraphernalia charges against him into a federal felony conspiracy, to which the agent reportedly replied, "Because I made it that way." (Compl. ¶ 25.) To the extent that by this allegation Plaintiff attempts to ascribe an improper motive to Agent Watson's actions, the discretionary function exception applies "whether or not the discretion involved be abused," 28 U.S.C. § 2680(a), and "[t]he inquiry is thus whether the discretion exists, not whether in later litigation it is alleged to have been abused." Holbrook, 673 F.3d at 350 ("For purposes of the discretionary function exception, we thus do not inquire into 'the agent's subjective intent in exercising the discretion conferred by statute or regulation,' but instead consider whether the 'nature of the actions taken' were 'susceptible to policy analysis.'" (quoting Gaubert, 499 U.S. at 325)).
.

8

substantially from those of the present action. The cases cited above show that allegations of negligent investigations and arrests, absent egregious facts not alleged here, are barred by the discretionary function exception.[4]

Plaintiff also argues that "even if Agent Watson did use discretion, he did not do so within his core statutory authority." (Pl.'s Resp. in Opp. [Doc. #25] at 8.) In that regard, Plaintiff contends that even if Agent Watson was acting within the scope of his employment, he was nevertheless "outside the scope of his authority and therefore outside the scope of the discretionary function exception." Red Lake Band of Chippewa Indians v. United States, 800 F.2d 1187, 1197 (D.C. Cir. 1986).[5] In support of this contention, Plaintiff outlines the statutory investigatory responsibilities of the ATF. He states that by statute, ATF agents may arrest where the agents have reasonable grounds to believe that the person to be arrested has committed or is committing a felony. (Pl.'s Resp. in Opp. [Doc. #25] at 9.) Plaintiff argues that the charges against him do not involve alcohol, tobacco, firearms, or explosives, and that there were no

---

[4] Plaintiff argues that the cases involving negligent investigations do not apply because Agent Watson conducted no investigation. That contention is baseless. Agent Watson at least spoke to the local officers who brought the state charges in the case. That he did not do more or take actions suggested by Plaintiff relate to the quality of the agent's investigation.

[5] In its Reply brief, the Government construes Plaintiff's "scope of authority" argument as a challenge to whether Agent Watson was acting within the scope of his employment during the events described in Plaintiff's Complaint. (Reply [Doc. #27.) However, these two inquiries, scope of authority and scope of employment, are not the same. See Red Lake Band of Chippewa Indians v. United States, 800 F.2d 1187, 1197 n.4 (D.C. Cir. 1986) ("'There is an area, albeit a narrow one, in which a government agent, like a private agent, can act beyond his actual authority and yet within the scope of his employment.'" (quoting Hatahley v. United States, 351 U.S. 173, 181 (1956))). The Fourth Circuit set out the procedure that a plaintiff must follow to challenge the Attorney General's certification of a government agent's scope of employment in Maron v. United States, 126 F.3d 317 (4th Cir. 1997). Plaintiff has not attempted to make the showing required in Maron. Therefore, the Court interprets Plaintiff's argument solely as a challenge to Agent Watson's scope of authority and not his scope of employment at the relevant time.

9

reasonable grounds to believe that he had participated in a conspiracy to distribute marijuana. (Id. at 10.)

However, Plaintiff fails to acknowledge that a member of the alleged conspiracy, his grandfather, was charged with a federal firearms offense. Plaintiff's grandfather pled guilty to that offense. Plaintiff cites no support for the proposition that an ATF agent acts outside the scope of his authority by investigating drug offenses involving a firearm. Agent Watson was acting within the scope of his authority as an ATF agent when investigating and charging Plaintiff. See 28 U.S.C. § 599A(b)(1) (authorizing the ATF to investigate criminal violations of the Federal firearms laws).

As for authority to arrest Plaintiff, Plaintiff was arrested upon a warrant issued pursuant to his indictment by a grand jury. (No. 1:10CR196 [Doc. #1, #4].) Plaintiff's indictment and the resulting arrest warrant issued by this Court gave Agent Watson the authority to arrest Plaintiff. See Gerstein v. Pugh, 420 U.S. 103, 118 n. 19 (1975) (a proper indictment conclusively determines the existence of probable cause). Accordingly, the Court concludes that there is no basis to find that Agent Watson acted outside the scope of his authority, and therefore the discretionary function exception to the FTCA applies.

2. Law Enforcement Exception

Plaintiff next argues that even if his negligence claim is barred by the discretionary function doctrine, the Court has subject matter jurisdiction over his remaining claims pursuant to the "law enforcement exception" contained in 28 U.S.C. § 2680(h). Section 2680(h) exempts from the FTCA and preserves sovereign immunity for allegations of certain intentional torts, including malicious prosecution (Plaintiff's second claim for relief), false arrest (Plaintiff's third

10

claim for relief), and abuse of process (Plaintiff's fourth claim for relief). "However, the statute was amended in 1974 to provide an exception to this exemption, stating that sovereign immunity *is* waived if certain intentional torts . . . are committed by an investigative or law enforcement officer of the United States." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). This exception includes the torts of false arrest, abuse of process, and malicious prosecution. 28 U.S.C. § 2680(h).

Plaintiff concedes, however, that in Medina v. United States, the Fourth Circuit held that an FTCA plaintiff's claims of an intentional tort committed by a law enforcement officer under subsection (h) "must clear the § 2680(a) discretionary function hurdle." Medina, 259 F.3d at 226; Pl.'s Resp. [Doc. #25] at 11. In Medina, the Fourth Circuit recognized that other courts have held that suits under section 2680(h) did not have to clear the discretionary function "hurdle." Medina, 259 F.3d at 225. Plaintiff relies upon such a holding from the Eleventh Circuit to argue that the Fourth Circuit should adopt a different rule. See Nguyen v. United States, 556 F.3d 1244 (11th Cir. 2009). Plaintiff does not, however, argue that the Fourth Circuit's rule has changed. Indeed, the Fourth Circuit has, on at least once occasion, reaffirmed the Medina court's conclusion regarding the interplay between subsections (a) and (h). See Welch, 409 F.3d at 652 ("We therefore hold that intentional tort claims authorized by § 2680(h) must overcome the § 2680(a) due care hurdle before sovereign immunity can be deemed waived.") This Court must, of course, follow the Fourth Circuit's resolution of this question.

Therefore, Plaintiff's argument that his intentional tort claims are cognizable under § 2680(h) must be rejected because those claims are also subject to the discretionary function exception of section 2680(a).

Thus, the Court concludes that Plaintiff's claims are barred by the discretionary function exception of the FTCA. This action should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). See Welch, 409 F.3d at 653. The Court need not address the Government's motion to dismiss pursuant to Rule 12(b)(6), and it can be denied as moot.

Finally, the Court notes that pursuant to the Government's Certification [Doc. #11], the only Defendant in this action is now the United States of America. See Maron v. United States, 126 F.3d 317, 321 (4th Cir. 1997) ("Once this certification has been made, the United States is substituted as the sole defendant."). The Clerk will be instructed to terminate J. Michael Watson as a Defendant in this action.

III. CONCLUSION

IT IS THEREFORE ORDERED that the Clerk is directed to terminate J. Michael Watson as a Defendant in this action pursuant to the Government's Certification of Scope of Employment [Doc. #11].

IT IS RECOMMENDED that the Government's Motion to Dismiss for Lack of Jurisdiction [Doc. #15] be granted, that the Government's second Motion to Dismiss for Failure to State a Claim [Doc. #17] be denied as moot, and that this action be dismissed.

This, the 11th day of September, 2014.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge